INSURANCE COMPANY OF NORTH AMERICA *vs.* WILLIAM ROGERS.

Sagadahoc. Opinion April 7, 1886.

*Marine insurance. Premium. Continuation clause. Over insurance.*

An action may be maintained for the *pro rata* premium under the continuation clause of a marine insurance policy, when the vessel was at sea at the expiration of the term of insurance, though a previous action had been brought on the premium note and judgment therefor had been rendered in such action.

In an action for the premium due upon a marine insurance policy, which was in the name of a part owner for the benefit of whom it may concern, the defendant presented evidence of other insurance, which made an over insurance upon his part of the vessel, and claimed to be liable, if at all, for only a ratable proportion of the permium. *Held,* that if this proposition is sound in law, the burden is on the defendant to show that the policies were simultaneous, and not intended to cover the interests of other owners.

ON REPORT.

The opinion states the case.

*Wm. E. Hogan,* for the plaintiff, cited: *Cole* v. *Union Insurance Co.* 12 Gray, 501; *Gookin* v. *N. E. Ins. Co.* 12 Gray, 501; *Wood* v. *N. E. Mar. Ins. Co.* 14 Mass. 36; *Bowen* v. *Merchants Ins. Co.* 20 Pick. 275; *Merchants Ins. Co.* v. *Clapp,* 11 Pick. 56.

*C. W. Larrabee,* for the defendant, cited: 2 Marshall, Insurance, c. 15; 1 Marshall, Insurance, § 4; Arnould, Insurance, 296, 302 (2 ed.); *McKim* v. *Phœnix Ins. Co.* 2 Washington C. C. 89; *Murray* v. *Ins. Co. Penn.* 2 Washington C. C. 186; *Wiggin* v. *Suffolk Ins. Co.* 18 Pick. 153.

The only evidence in writing of the defendant's promise to pay was the note on which suit was begun after the end of the voyage. The contract was entire and not divisible, and for one consideration. The plaintiff, having brought suit and recovered judgment on the premium note, has made his election and must abide by his choice. See *Wiggin* v. *Suffolk Ins. Co. supra.* The plaintiff cannot have two actions on the same debt.

LIBBEY, J.  On the 25th of May, 1882, the defendant pro-
cured of the plaintiff insurance on the ship Levi C. Wade,
valued at forty-eight thousand dollars, in the sum of six thousand
five hundred dollars, for one year from April 28, 1882, payable
to himself and whom it might concern.  The policy contained
the usual clause in marine policy as follows : " If on a passage
at the end of the term, the risk to continue at *pro rata* premium
until twenty-four hours after arriving at port of destination, but
no longer, either on hull or freight, and in case of loss under
this clause, three months additional premium is warranted by
the insured."

The ship sailed from San Francisco, April 25, 1883, for
Liverpool, and arrived September 18, 1883.

The defendant gave his note for the premium for one year,
which was indorsed by the plaintiff, and judgment recovered on
it by the indorsee in 1885.

This action is to recover a *pro rata* proportion of premium
from April 28, 1883, to September 19, 1883.

By the terms of the policy the defendant was insured during
that time for a *pro rata* premium, and accepting the policy with
that clause he must be held as promising to pay the premium.
He certainly cannot hold the insurance without promising to pay
the consideration for it.

But it is claimed in defence that the defendant owned only
twenty-seven sixty-fourths of the ship and had on her a further
insurance in another company for the sum of sixteen thousand
five hundred dollars making in all twenty-three thousand dollars,
while his interest in the value of the ship was only seventeen
thousand two hundred and fifty dollars, and that there being an
over insurance of five thousand seven hundred and fifty dollars
in case of loss he could recover only a ratable proportion of
the policies, and therefore is liable for only a ratable propor-
tion of the premium.  If this proposition is sound in law, the
burden is on the defendant to prove that the policies were
simultaneous.  This he fails to do.  Again, the insurance was
on the *ship*, and not on the defendant's interest only, for the
benefit of the defendant and whom it might concern.  It does

not appear that it was not intended to cover the interest of some other owner as well as that of the defendant.

> *Judgment for plaintiff for $179.50 with*
> *interest from date of the writ.*

WALTON, DANFORTH, VIRGIN, FOSTER and HASKELL, JJ., concurred.